[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-2098

UNITED STATES,

Appellee,

v.

MAX DEE JENKINS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

---

Stephen B. Hrones and Hrones & Garrity on brief for appellant.
Donald K. Stern, United States Attorney, and Nadine Pellegrini, Assistant U.S. Attorney, on brief for appellee.

---

June 13, 2000

---

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm appellant's conviction for being a felon in possession of a firearm in violation 18 U.S.C. 922(g)(1).

The evidence tended to show that appellant Max Dee Jenkins ("Jenkins") lived at the residence from which the firearms were confiscated, because he had purchased and moved into the residence with his companion nine months earlier; when released from jail and restrained from visiting the residence, he had nowhere to live except a friend's house; and approximately one month later, he returned to the residence to retrieve clothing and other personal items (including a large cache of ammunition). Constructive possession may be established by evidence showing that the defendant lived at the residence where the objects in question were found immediately prior to their discovery by police.  See United States v. Vargas, 945 F.2d 426, 427-28 (1st Cir. 1991).

Further, the evidence tended to establish that Jenkins owned the firearms in question.  After the firearms

were confiscated, he began efforts almost immediately to retrieve them, including devising a deceptive plan whereby the guns would be shipped out of state for his retrieval. Further, he told both a licensed firearms dealer and the local police that the weapons were his. Ownership is "highly relevant" to the question of possession. United States v. Rogers, 41 F.3d 25, 30 (1st Cir. 1994).

Taking this evidence in a light most favorable to the government, United States v. Smith, 101 F.3d 202, 215 (1st Cir. 1996), we think a rational jury could conclude that appellant constructively possessed the firearms during the time charged in the indictment. See United States v. Collins, 60 F.3d 4, 8 (1st Cir. 1995) (conviction under 18 U.S.C. § 922(g)(1) affirmed where firearms were found at defendant's residence and defendant made statements tending to show he owned the firearms). The lower court did not err in denying defendant's motion for acquittal under Fed.R.Crim.P. 29.

Affirmed. 1st Cir. Loc. R. 27(c).